NUMBER 13-09-00626-CR

 

COURT OF APPEALS

 

THIRTEENTH DISTRICT
OF TEXAS

 

CORPUS CHRISTI - EDINBURG  

                                                                                                                     


 

ANDREW CANTU,                                                               
     Appellant,

 

v.

 

THE STATE OF TEXAS,                         
                             Appellee.

                                                                                                                     
  

 

On appeal from the
319th District Court 

of Nueces County,
Texas.

     
                                                                                                                

 

MEMORANDUM OPINION

 

Before Chief Justice
Valdez and Justices Rodriguez and Perkes  

Memorandum Opinion by
Justice Rodriguez

                                                                                                                                    

Appellant Andrew Cantu appeals from his
conviction for the offense of possession of more than four grams but less than
200 grams of cocaine, a second-degree felony.  See Tex. Health & Safety Code Ann. §
481.115(a), (d) (Vernon 2010).  Cantu pleaded guilty to the offense, but the
trial court deferred adjudication and placed Cantu on community supervision for
a term of ten years.  Nearly a year after being placed on deferred adjudication
community supervision, the State filed its first motion to revoke.  The trial
court declined to revoke at that time, instead sanctioning Cantu and continuing
him on community supervision.  Almost one year after its first motion, the
State filed a second motion to revoke, alleging that Cantu had violated the
terms of community supervision.  Cantu pleaded true to all of the allegations. 
The trial court then adjudicated Cantu's guilt and sentenced him to sixteen
years' confinement in the Institutional Division of the Texas Department of
Criminal Justice.  

            Concluding that Cantu's appeal in this case
would be "wholly frivolous," counsel filed an Anders brief in
which he reviewed the merits, or lack thereof, of the appeal.  We affirm.

I.  Compliance with Anders v. California

            Pursuant to Anders v. California, 386
U.S. 738, 744 (1967), Cantu's court-appointed appellate counsel has filed a
brief with this Court, stating that he has "examined the record
herein" and in his professional opinion, "he finds the appeal to be
wholly frivolous."  After discussing Cantu's guilty plea, deferred
adjudication and community supervision, revocation proceedings, six potential
grounds for appeal, and the applicable law, counsel concludes that Cantu's
appeal would be "wholly frivolous."  See In re Schulman,
252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) (orig. proceeding) ("In
Texas, an Anders brief need not specifically advance 'arguable' points
of error if counsel finds none, but it must provide record references to the
facts and procedural history and set out pertinent legal authorities.")
(citing Hawkins v. State, 112 S.W.3d 340, 343-44 (Tex. App.–Corpus
Christi 2003, no pet.)); Stafford v. State, 813 S.W.2d 503, 510 n.3
(Tex. Crim. App. 1991) (en banc).

            In compliance with High v. State, 573
S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), Cantu's counsel has
carefully discussed why, under controlling authority, there are no errors in
the trial court's judgment.  Counsel has informed this Court that he has:  (1)
examined the record and found no arguable grounds to advance on appeal; (2)
forwarded a copy of the brief and his request to withdraw as counsel to Cantu;
and (3) informed Cantu of his right to review the record and to file a pro se
response.[1] 
See Anders, 386 U.S. at 744; Stafford, 813 S.W.2d at 510 n.3; see
also In re Schulman, 252 S.W.3d at 409 n.23.  More than an adequate period
of time has passed, and Cantu has not filed a pro se response.  See In re
Schulman, 252 S.W.3d at 409.

II.  Independent Review

            Upon receiving an Anders brief, this
Court must conduct a full examination of all the proceedings to determine
whether the case is wholly frivolous.  Penson v. Ohio, 488 U.S. 75, 80
(1988).  We have reviewed the entire record and counsel's brief, and we have
found nothing that would arguably support an appeal.  See Bledsoe v. State,
178 S.W.3d 824, 826-28 (Tex. Crim. App. 2005) ("Due to the nature of Anders
briefs, by indicating in the opinion that it considered the issues raised in
the briefs and reviewed the record for reversible error but found none, the
court of appeals met the requirement of Texas Rule of Appellate Procedure
47.1."); Stafford, 813 S.W.2d at 509.  Accordingly, we affirm the
judgment of the trial court.

 

III.  Motion to Withdraw

In accordance with Anders,
Cantu's attorney has asked this Court for permission to withdraw as counsel for
Cantu.  See Anders, 386 U.S. at 744; see also In re Schulman, 252
S.W.3d at 408 n.17 (citing Jeffery v. State, 903 S.W.2d 776, 779-80
(Tex. App.–Dallas 1995, no pet.) ("If an attorney believes the appeal is
frivolous, he must withdraw from representing the appellant.  To withdraw from
representation, the appointed attorney must file a motion to withdraw
accompanied by a brief showing the appellate court that the appeal is frivolous.")
(citations omitted)).  We grant counsel's motion to withdraw that was carried
with the case on December 8, 2010.  Within five days of the date of this
Court’s opinion, counsel is ordered to send a copy of the opinion and judgment
to Cantu and to advise Cantu of his right to file a petition for discretionary
review.[2] 
See Tex. R. App. P. 48.4; see
also In re Schulman, 252 S.W.3d at 412 n.35; Ex parte Owens,
206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

 

 

                                                                                         NELDA
V. RODRIGUEZ

                                                                                         Justice

 

Do not publish.

Tex.
R. App. P.
47.2(b).

 

Delivered and filed
the 27th 

day of January, 2011.

                                                                                                                                                            









[1]
The Texas Court of Criminal Appeals has held that "the pro se response
need not comply with the rules of appellate procedure in order to be
considered.  Rather, the response should identify for the court those issues
which the indigent appellant believes the court should consider in deciding
whether the case presents any meritorious issues."  In re Schulman,
252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (orig. proceeding) (quoting Wilson
v. State, 955 S.W.2d 693, 696-97 (Tex. App.–Waco 1997, no pet.)).





[2]
No substitute counsel will be appointed.  Should Cantu wish to seek further
review of this case by the Texas Court of Criminal Appeals, he must either
retain an attorney to file a petition for discretionary review or file a pro se
petition for discretionary review.  Any petition for discretionary review must
be filed within thirty days from the date of either this opinion or the last
timely motion for rehearing that was overruled by this Court.  See Tex. R. App. P. 68.2.  Any petition for
discretionary review must be filed with this Court, after which it will be forwarded
to the Texas Court of Criminal Appeals.  See Tex. R. App. P. 68.3; 68.7.  Any petition for discretionary
review should comply with the requirements of Rule 68.4 of the Texas Rules of
Appellate Procedure.  See Tex. R.
App. P. 68.4